UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION


SONIA BARAHONA RODRIGUEZ, MANUAL MORALES MORENO,
LUCIA MORALES BORAHONA, CAROLINA MORALES BORAHONA,
AS LAWFUL HEIRS OF
MANRIQUE MORALES BARAHONA, DECEASED                    PLAINTIFFS


VS.                          CIVIL ACTION NO. 3:05cv738-WHB-JCS


KIVETT'S INC., BENNY E. McMILLAN, AND
FLORICEL RODRIGUEZ                                     DEFENDANTS

CONSOLIDATED WITH


GUADALUPE MORALES BARAHONA, INDIVIDUALLY
AND AS ADMINISTRATRIX TO THE ESTATE OF
MANRIQUE MORALES BARAHONA, DECEASED                    PLAINTIFF

VS.                          CIVIL ACTION NO. 3:06cv13

KIVETT'S, INC,; BENNY E. McMILLIAN,
INDIVIDUALLY, AND FLORICEL W. RODRIGUEZ               DEFENDANTS


OPINION AND ORDER

        This cause is before the Court on Plaintiff's Motion to
Remand.  The Court has considered the Motion, Response, attachments
thereto, and supporting and opposing authority and finds that the
Motion is not well taken and should be denied.

        Also before the Court is the Motion of Defendant Floricel W.
Rodriguez ("Rodriguez") to Dismiss.  The Court finds that Rodriguez
has been fraudulently joined as a defendant in this action.  The

Court, therefore, will dismiss Rodriguez without considering the merits of his motion.

## I.    Factual Background and Procedural History

The subject of this lawsuit is a motor vehicle collision that occurred on September 14, 2005, in Smith County, Mississippi.  One of the vehicles involved in the collision was owned by Defendant Kivett's Inc. ("Kivett's"), and was being driven by its employee, Defendant Benny E. McMillan ("McMillan").  The second vehicle was owned by Gill Enterprises, Inc., and was being driven by its employee, Defendant Rodriguez.  Plaintiff's decedent, Manrique Morales Barahona ("Barahona"), was a passenger in the second vehicle, and was fatally injured as a result of the collision.

On November 10, 2005, several of Barahona's heirs filed a wrongful death lawsuit against Kivett's, McMillan, and Rodriguez, in the Circuit Court of Smith County, Mississippi.  The case was removed to federal court on the basis of diversity of citizenship jurisdiction, and docketed as Civil Action No 3:05cv738-WHB-AGN. On December 12, 2005, Plaintiff, as administratrix of Barahona's estate, filed a second wrongful death lawsuit against the same defendants, again in the Circuit Court of Smith County.  This case lawsuit was likewise removed on the basis of diversity of citizenship jurisdiction, and docketed as Civil Action No. 3:06cv13-HTW-JCS.  The cases were subsequently consolidated and are

2

proceeding in case with the lower of the two docket numbers in accordance with Court procedure.  Plaintiff now seeks to have the case remanded to state court claiming that complete diversity between Plaintiff and Defendants does not exist.

Federal courts have exclusive jurisdiction over civil cases in which the matter in controversy exceeds $75,000 and are between citizens of different states.  See 28 U.S.C. § 1332.  The subject Complaint does not specify a dollar amount of damages sought by Plaintiff.  However, the Notice of Removal alleges, and Plaintiff does not dispute, that the amount in controversy exceeds $75,000. Additionally, as Plaintiff seeks compensatory and punitive damages arising from the alleged wrongful death of Barahona, the Court finds it is facially apparent that she is seeking damages in an amount greater than the jurisdictional limit.  For the purposes of diversity analysis, Defendant Kivett's and its employee, Defendant McMillan, are both citizens of the State of North Carolina. Plaintiff and Defendant Rodriguez are both citizens of the State of Mississippi.  Defendants, however, assert that Rodriguez has been fraudulently joined as defendant in this case and, therefore, his citizenship should be disregarded when determining the issue of diversity.  In support of this assertion, Defendants argue that Plaintiff has no possibility of recovery against Rodriguez as the claims against him are barred by the exclusivity provision of the

Mississippi Workers' Compensation Act ("MWCA"), codified at MISS. CODE ANN. § 71-3-9.

## II.  Fraudulent Joinder Standard[1]

The initial step in any fraudulent joinder analysis is determining whether "common defenses" apply to both the diverse and non-diverse defendant(s).  A common defense is described as a defense, which if successfully argued by a movant who asserts fraudulent joinder, is equally dispositive of *both* the non-diverse defendants *and* the diverse defendants. Smallwood v. Illinois Cent. R.R. Co., 385 F.3d 568, 575 (5th Cir. 2004)(*en banc*).  If a common defense is involved in a movant's fraudulent joinder argument, then the Court must also consider if a successful outcome to the argument will result in the dismissal of *all* claims against *all* defendants.  The importance of this step of the analysis is described by the United States Court of Appeals for the Fifth Circuit in Rainwater v. Lamar Life Ins. Co., 391 F.3d 636 (5th Cir. 2004).

> If that court should determine that the limitations defense in question is dispositive of *all* claims against *all* defendants, then Smallwood would require remand to state court (where, presumably, the entire case would be dismissed).  If, however, the district court should determine that the [] defense is not dispositive of every claim against every defendant, it should continue to deny remand and proceed with the proper disposition of the case.

---

[1] "Fraudulent joinder" is also referred to as "improper joinder" by the Fifth Circuit.

4

<u>Id.</u> at 638-39 (emphasis in original). Under <u>Smallwood</u> and <u>Rainwater</u>, if a common defense disposes of all claims against all defendants the case must be remanded to state court. If it does not, the Court applies the following fraudulent joinder analysis.

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed ... to the district court of the United States for the district and division embracing the place where such action is pending." The removing party has the burden of proving that the federal court has jurisdiction to hear the case. <u>Jernigan v. Ashland Oil, Inc.</u>, 989 F.2d 812, 815 (5th Cir. 1993). In cases in which the removing party alleges diversity of citizenship jurisdiction on the basis of fraudulent joinder, it has the burden of proving fraud in the joinder of the non-diverse defendant. <u>Laughlin v. Prudential Ins. Co.</u>, 882 F.2d 187, 190 (5th Cir. 1989). To establish fraudulent joinder, the removing party must prove: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." <u>Travis v. Irby</u>, 326 F.3d 644, 647 (5th Cir. 2003)(citing <u>Griggs v. State Farm Lloyds</u>, 181 F.3d 694, 698 (5th Cir. 1999)).

When considering whether a non-diverse defendant has been fraudulently joined to defeat diversity of citizenship jurisdiction, courts should "pierce the pleadings" and consider

5

"summary judgment-type evidence such as affidavits and deposition testimony." Cavallini v. State Farms Mutual Auto Ins. Co., 44 F.3d 256, 263 (5th Cir. 1995). However, "the district court is not to apply a summary judgment standard but rather a standard closer to the Rule 12(b)(6) standard." McKee v. Kansas City S. Ry. Co., 358 F.3d 329, 334 (5th Cir., 2004). Even under this standard, plaintiffs "may not rest upon the mere allegations or denials of [their] pleadings." Beck v. Texas State Bd. of Dental Examiners, 204 F.3d 629, 633 (5th Cir. 2000).

In Travis, the Fifth Circuit reiterated the standard by which a plaintiff's claims must be analyzed to determine the fraudulent joinder question:

> [T]he court determines whether that party has *any possibility of recovery* against the party whose joinder is questioned. If there is arguably a *reasonable basis* for predicting that the state law might impose liability on the facts involved, then there is no fraudulent joinder. This *possibility, however, must be reasonable*, not merely theoretical.

Travis, 326 F.3d at 648 (emphasis in original)(citing Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co., 313 F.3d 305, 312 (5th Cir. 2002)). Further, conclusory or generic allegations of wrongdoing on the part of the non-diverse defendant are not sufficient to show that the defendant was not fraudulently joined. Badon v. RJR Nabisco, Inc., 224 F.3d 382, 392-93 (5th Cir. 2000). Therefore, removal is not precluded merely because the state court complaint, on its face, sets forth a state law claim against a non-

diverse defendant. <u>Badon</u>, 224 F.3d at 390. Removal is proper "if the plaintiff's pleading is pierced and it is shown that as a matter of law there is no reasonable basis for predicting that the plaintiff might establish liability on that claim against the in-state defendant." <u>Id</u>.

When conducting a fraudulent joinder analysis, a court must resolve all disputed questions of fact and ambiguities of law in favor of the non-removing party, <u>Dodson v. Spiliada Maritime Corp.</u>, 951 F.2d 40, 42 (5th Cir. 1992). This precludes a federal court from applying an <u>Erie</u> analysis in determining a fraudulent joinder issue. However, a plaintiff can defeat a defendant's fraudulent joinder argument "*only* when there exists an actual controversy, i.e. when *both* parties have submitted *evidence* of contradictory facts." <u>Badon</u>, 224 F.3d at 394 (emphasis in original). A court should not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts" to support his claims against the non-diverse defendant. <u>Id</u>. (citing <u>Little v. Liquid Air Corp.</u>, 37 F.3d 1069, 1075 (5th Cir. 1994)). Also, when analyzing the issues the court must consider the status of discovery in the case. <u>McKee</u>, 358 F.3d at 334. In the event the court, after resolving all disputed questions of fact and ambiguities of law in favor of the non-removing party, finds that there is "arguably a reasonable basis for predicting that the state law might impose liability on the facts involved, then there is no

fraudulent joinder" and hence no basis for asserting diversity of citizenship jurisdiction.  <u>Jernigan</u>, 989 F.2d at 816.

### III. Legal Analysis

In support of removal, Defendants argue that Plaintiff cannot recover against Rodriguez as he is immune from liability for Barahona's death under the exclusivity provision of the MWCA. While the MWCA, if applicable, would provide a viable defense to the claims alleged against Barahona's co-employee Rodriguez, it would not provide a defense in favor of Kivett's or McMillan as these defendants were not Barahona's employer or co-employee for the purposes of that statute.  Accordingly, the Court finds that the defense in question – the exclusivity provision of the MWCA – would not be dispositive of all the claims alleged against all the defendants in this case, <u>see Rainwater</u>, 391 F.3d at 638-39, and therefore will proceed with a fraudulent joinder analysis.

The MWCA provides, in relevant part:

> The liability of an employer to pay compensation shall be exclusive and in place of all other liability of such employer to the employee, his legal representative … next-of-kin, and anyone otherwise entitled to recover damages at common law or otherwise from such employer on account of such injury or death…

MISS. CODE ANN. § 71-3-9.  This exclusivity provision applies equally to claims against a co-employee.  <u>See Christian v. McDonald</u>, 907 So. 2d 286, 290 (Miss. 2005) (recognizing that the Mississippi

Supreme Court has extended the exclusivity provision to protect co-employees); Griffin v. Futorian Corp., 533 So. 2d 461 (Miss. 1988). Accordingly, under the MWCA, Rodriguez would be immune from liability arising from Barahona's death to the same extent as his employer.

Plaintiff while "recogniz[ing] that the MWCA, if applicable, provides an exclusive remedy," argues that this case should be remanded or stayed pending the completion of discovery in the proceeding before the Mississippi Workers' Compensation Commission. Alternatively, Plaintiff requests remand-related discovery in this case. The Court finds that Plaintiff has failed to show that further discovery is warranted.

Plaintiff first argues that further discovery is required because there has been no determination as to whether the MWCA is applicable in this case. The record shows that Plaintiff filed a Petition to Controvert with the Mississippi Workers' Compensation Commission seeking benefits for Barahona's death. See Resp. to Mot. to Remand, Ex. 2. In response, Barahona's employer admitted that (1) an employer/employee relationship existed at the time of his death, (2) the death occurred while he was in the course of his employment, and (3) the accident causing the death arouse out of his employment. Id., Ex. 2. Under the MWCA: "Compensation shall be payable for disability or death of an employee from injury or occupational disease arising out of an in the course of employment,

without regard to fault as to the cause of the injury or occupational disease." MISS. CODE ANN. § 71-3-7. As Barahona's employer admits that his death arose out of the course and scope of his employment, his death is covered by the MWCA.

Plaintiff next questions whether Rodriguez was acting within the scope of his employment or was on a frolic when the accident occurred. Defendants have submitted an affidavit from Rodriguez in which he avers that at the time of the accident he was driving a vehicle owned by his employer; he was transporting employees (including himself and Barahona) of Gill Enterprise's, Inc., to a work site in Smith County, Mississippi; and that transporting employees was part of his job-related duties. See Resp. to Mot. to Remand, Ex. 1, ¶¶ 5-11. Additionally, Rodriguez filed a workers' compensation claim and received benefits for injuries he sustained in the subject accident. Id., Ex. 3. Contrary to Plaintiff's allegations, the record clearly demonstrates that Rodriguez was acting in the scope of his employment when the accident occurred, and Plaintiff has not shown that additional discovery would produce contradictory facts.

Plaintiff also argues that a question exists with regard to whether Rodriguez had been drinking prior to the accident. Rodriguez, however, in his affidavit also avers that he did not drink or use any illegal drugs in the twenty-four hours preceding the accident. Id., Ex. 1, ¶ 14. Additionally, even if Plaintiff

10

could prove that Rodriguez has been drinking prior to the accident, this would at best amount to gross negligence – a claim that does not bar application of the MWCA exclusivity provision.  See Peaster v. David New Drilling Co., Inc., 642 So. 2d 344, 349 (Miss. 1994) (concluding that even if an "employer's conduct may have been reckless, negligent, or grossly negligent," this is not enough to remove a case from the exclusivity provision of the MWCA).

Finally, Plaintiff argues that the accident may have resulted because of intentional acts on the part of Rodriguez.  First, Plaintiff has not alleged any intentional tort claim against Rodriguez in her Complaint but, instead, alleges only claims of negligence and gross negligence.  See Complaint, ¶ 8.  Again, these allegations are insufficient to bar application of the exclusivity provision of the MWCA.  Peaster, 642 So. 2d at 349.  Second, while there exists an "intentional tort" exception to the exclusivity provision of the MWCA, that exception is not applicable in this case.  As explained by the Mississippi Supreme Court:

> There are two elements necessary for an injured employee to avoid the Mississippi workers' compensation exclusive liability provision:  (1) the injury must have been caused by the willful act of another employee acting in the course of employment and in the furtherance of the employee's business, and (2) the injury must be one that is not compensable under the Act.  If both of these elements are met, then it is appropriate to pursue a claim outside of the confines of the statute.  Otherwise, the claimant is only entitled to the compensation provided under the statute.

Lewallen v. Slawson, 822 So. 2d 236, 238 (Miss. 2002).

In order to avail herself to this exclusion, Plaintiff would first have to establish that Rodriguez actually intended to cause the death of Barahona.  See Peaster, 642 So. 2d at 348-49 ("[A] mere willful or malicious act is insufficient to give rise to the intentional tort exception to the exclusivity provisions of the Act.  There must be a finding of 'actual intent to injure.'") (emphasis added); Griffin, 533 So. 2d at 464 (quoting DUNN, MISSISSIPPI WORKMEN'S COMPENSATION (3d. ed. 1982 & Supp. 1984) (finding that in "order for a willful tort to be outside the exclusivity of the Act, the employee's action must be done 'with an actual intent to injure the employee.'").  Even if Plaintiff could make such showing, which is doubtful given Rodriguez's affidavit in which he avers he did not intentionally cause the accident and "did everything" possible to avoid it, see Resp. to Mot. to Remand, Ex. 1, ¶ 14, Plaintiff would also have to establish that Barahona's death is an injury that is not compensable under the MWCA.  As the MWCA expressly requires compensation for deaths arising out of the course and scope of employment, see MISS. CODE ANN. § 71-1-7, the Court finds that Plaintiff could not establish an intentional tort claim against Rodriguez that would allow her to avoid the exclusivity provision of the MWCA.

Accordingly, the Court finds that Rodriguez, as a co-employee of Barahona, is immune from liability under the exclusivity provision of the MWCA, and that Plaintiff has no possibility of recovery against him.  The Court additionally finds that Rodriguez

has been fraudulently joined for the purpose of defeating diversity jurisdiction, and should be dismissed as a defendant in this case.

**IV.  Conclusion**

    For the forgoing reasons:

    IT IS THEREFORE ORDERED that Plaintiff's Motion to Remand [Civil Action No. 3:06cv13 – Docket Nos. 5 and 6] is hereby denied with the parties to bear their own costs.

    IT IS FURTHER ORDERED that the Motion to Dismiss of Rodriguez [Civil Action No. 3:05cv738 – Docket No. 11] is hereby granted without consideration on the merits.

    IT IS FURTHER ORDERED that the stay issued pending resolution of the Motion to Remand is hereby lifted.  Counsel for the remaining defendants, as the removing parties, shall contact the Chambers of United States Magistrate Judge James C. Sumner within five days of the date this Opinion and Order is entered to request a case management conference.

    SO ORDERED this the 12th day of September, 2006.


                         s/ William H. Barbour, Jr.
                         UNITED STATES DISTRICT JUDGE